# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50419
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE CARRILLO,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-234-2

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

　　Defendant-Appellant Jorge Carrillo was convicted by a jury of one count of conspiracy to possess with intent to distribute one kilogram or more of heroin. He was sentenced to serve 188 months in prison, to be followed by a five-year term of supervised release; additionally, the court ordered Carrillo to pay a $6000 fine and to forfeit $22,760. His only claim on appeal is that the district court erred in denying his motion to suppress the evidence obtained

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

through the interception of wire communications.  He contends that the record reflected that agents had failed to follow him on his trips to Louisiana and that the failure to conduct such standard surveillance refuted any contention that normal investigative procedures had been tried and failed.

We apply a clear error standard when a party claims deficiencies in an affidavit supporting a wiretap application.  *United States v. Kelley*, 140 F.3d 596, 604 (5th Cir. 1998).  An application seeking authorization for a wiretap must state "whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous."  18 U.S.C. § 2518(1)(c).

In the instant case, the affidavits provided extensive facts reflecting the failure of such traditional investigative techniques as surveillance and the use of confidential informants.  The affidavits also included explanations of why other investigative acts, such as infiltration of the organization or questioning of coconspirators, would likely not have succeeded.  The affidavits thus satisfied the requirements of § 2518(1)(c).  The government was not required to prove that it exhausted every possible option before it could obtain authorization for a wiretap.  *Kelley*, 140 F.3d at 605; *United States v. Webster*, 734 F.2d 1048, 1055 (5th Cir. 1984).  The agents' failure to follow Carrillo to Louisiana from Texas was based on a belief that Carrillo traveled out of state to engage in horse racing and gambling.  Carrillo's contention that agents should have pursued this line of investigation is insufficient to establish that the district court clearly erred in denying the motion to suppress wiretap evidence.  *See Kelley*, 140 F.3d at 604; *United States v. Hyde*, 574 F.2d 856, 867 (5th Cir. 1978).  The judgment of the district court is AFFIRMED.